IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

REBECCA LYNN GREGG,            )
                               )
    Plaintiff,                 )
                               )
v.                             )   CASE NO. CV422-114
                               )
DENIS MCDONOUGH, Secretary of  )
Veterans Affairs,              )
                               )
    Defendant.                 )
                               )

## O R D E R

Before the Court is the Magistrate Judge's February 9, 2023, Report and Recommendation (Doc. 17) on Defendant Denis McDonough's Motion to Dismiss Plaintiff's Complaint (Doc. 7), to which Plaintiff Rebecca Lynn Gregg has filed an objection (Doc. 18). After a careful review of the record,[1] Plaintiff's objection (Doc. 18) is **OVERRULED,** and the report and recommendation (Doc. 17) is **ADOPTED** as the Court's opinion in this case.

### BACKGROUND

Plaintiff filed this employment discrimination case against Defendant McDonough, Secretary of Veterans Affairs, alleging that

---

[1] The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (outlining the standard of review for report and recommendations (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam))).

she was treated poorly while employed as a physician's assistant at the Hinesville Community Based Outpatient Veterans Affairs Clinic ("CBOC"). (Doc. 1 at 5.) Plaintiff alleges that beginning in 2019, the nurse manager employed by Defendant began refusing to assign nurses to assist her with patient care responsibilities. (Id. at 5, 7.) The nurse manager purportedly held meetings where she instructed other nurses to ignore Plaintiff's orders and called Plaintiff racist names. (Id. at 7.) In January 2020, the nurse manager abruptly altered Plaintiff's patient care policy, and when she was ordered to reinstate the prior policy, she refused to do so. (Id.) Plaintiff filed a human resources complaint against the nurse manager on January 29, 2020, making claims of bullying, discrimination, and creating a hostile work environment. (Id.) After the human resources complaint was filed, a "formal fact-finding investigation" was held. (Id.) Subsequently, the nurse manager began reviewing Plaintiff's patient records in an effort to retaliate against Plaintiff. (Id.) The nurse manager's review resulted in a negative counseling statement being placed in Plaintiff's record. (Id.) Plaintiff continued to report her co-worker's offensive conduct. (Id.) On February 5, 2021, Plaintiff claimed she was not assigned a nurse to assist her with patient care duties. (Doc. 7, Attach. 1 at 2.) On March 4, 2021, after yet another disagreement regarding nursing coverage, the nurse manager left the clinic and never returned. (Doc. 1 at 7.) Plaintiff has

not returned to work since June 4, 2021, when an Equal Employment Opportunity ("EEO") mediation was attempted but failed when the nurse manager failed to show. (Doc. 9 at 5.)

Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), arguing that the Court lacks jurisdiction because Plaintiff failed to exhaust her administrative remedies and that Plaintiff failed to state a claim on which relief should be granted. (Doc. 7.) After discussing the jurisdictional question and finding the answer more nuanced than Defendant suggested, the Magistrate Judge recommended that Defendant's motion to dismiss be granted in part and denied in part. (Doc. 17 at 9-22, 38-39.) As to Plaintiff's claims for discrimination, the Magistrate Judge found that Plaintiff failed to exhaust some of her allegations and Plaintiff failed to state a claim on those she had exhausted. (Id. at 29-38.) Accordingly, the Magistrate Judge recommended her unexhausted discrimination claims be dismissed under Rule 12(b)(1) and her exhausted discrimination claims be dismissed under Rule 12(b)(6). (Id. at 34, 38.) The Magistrate Judge further found that Plaintiff's retaliation claim was unexhausted and should be dismissed pursuant to Rule 12(b)(1). (Id. at 28-29, 29 n.5.) Conversely, the Magistrate Judge recommended denying Defendant's Rule 12(b)(1) motion to dismiss Plaintiff's hostile work environment claim pending further consideration of the jurisdictional dispute, and

3

he ordered Plaintiff to supplement the record with evidence of her exhaustion efforts in the event this Court adopted the report and recommendation. (Id. at 22-26, 39.)

## ANALYSIS

Plaintiff objects to the Magistrate Judge's recommendation to dismiss her discrimination and retaliation claims. (Doc. 18.) First, as to her discrimination allegations, Plaintiff argues that her EEO case was not processed in accordance with EEO processing procedures, which resulted in Plaintiff not being informed of her rights or how the EEO process works. (Id. at 3.) According to Plaintiff, "she did report in her complaint that she had been unfairly treated since 2019 in an ongoing basis." (Id. at 2.) Although she attempted to contact and submit items to the EEO investigator, the investigator "refused to accept Plaintiff's evidence. . . ." (Id. at 3.) Thus, although not stated explicitly, it appears that Plaintiff objects to the recommendation of dismissal because she exhausted her administrative remedies as to her discrimination claim.

The Magistrate Judge based his recommendation on Plaintiff's discrimination claim on two separate grounds. First, he determined that Plaintiff failed to exhaust her remedies as to claims which predated the 2021 incidents involving the nurse manager. (Doc. 17 at 34.) Second, the Magistrate Judge found that although Plaintiff

did exhaust her more recent claims of discrimination, Plaintiff failed to state a discrimination claim. (Id. at 35-38.)

First, it indeed appears that Plaintiff has not exhausted her earlier discrimination claims. Plaintiff's objection contains a copy of her original EEO Complaint, which she argues "shows the Plaintiff did report she had been discriminated against since 2019." (Doc. 18 at 2.) However, the text of her EEO complaint is as follows:

> On multiple occasions I have not been assigned a nurse to assist me with my primary care duties. This has been an ongoing issue and was the subject of a fact finding investigation in 2020. On 2/5/21 I was not assigned a nurse to assist me with patient care duties. This resulted in long wait times for care. On 3/4/21 the charge RN assigned a nurse to assist me with my scheduled patients. When RN Triplett saw the coverage, she ordered the charge RN to change the coverage and reassign the nurse that was to work with me for the day to the lab. There were no patients scheduled in the lab that day. Due to this event, I was unable to provide appropriate patient care and had to leave work due to severe anxiety.

(Id. at 6.) Moreover, under "Date of Occurrence," Plaintiff listed February 5, 2021, and March 4, 2021. (Id.) There is no mention of any 2019 incidents within Plaintiff's EEO complaint, and thus, it appears that she failed to exhaust her 2019 claims. Accordingly, whether the basis for dismissal be founded on jurisdictional Rule 12(b)(1) grounds or Rule 12(b)(6) grounds, Plaintiff's allegations which predate 2021 should be dismissed for failure to exhaust them. See Hollis v. W. Acad. Charter, Inc., 782 F. App'x 951, 954 (11th

5

Cir. 2019); Baker v. Buckeye Cellulose Corp., 856 F.2d 167, 168-69 (11th Cir. 1988); (see also Doc. 17 at 13-22.)

Likewise, although Plaintiff did not specifically object to the Magistrate Judge's analysis of the merits of her remaining discrimination claim, the Court agrees with the Magistrate Judge that Plaintiff failed to allege any adverse employment action or assert a claim against any decisionmaker. (Doc. 17 at 35, 37-38.) Instead, she rests her entire complaint on her coworker's failure to assign her nurses in the manner she argues would have been ideal. These allegations do not state a claim for employment discrimination. See Harrison v. Belk, Inc., 748 F. App'x 936, 942 (11th Cir. 2018) (concluding the plaintiff failed to demonstrate liability based on "cat's paw" theory, which requires showing that the decisionmaker merely "followed the biased recommendation [of a non-decisionmaker] without independently investigating the complaint against the employee."); Davis v. U.S. Postmaster Gen., 190 F. App'x 874, 876 (11th Cir. 2006)(holding that reassigning employee to work on different machines, alone, and on difficult work assignments did not constitute adverse employment act). Thus, as to Plaintiff's discrimination claim, Plaintiff's objection is **OVERRULED**.

Plaintiff also objects to the Magistrate Judge's recommendation to dismiss her retaliation claim. (Doc. 18 at 3-4.) In her objection, Plaintiff states she did not have the

opportunity to report retaliation claims to her supervisors for various reasons, implicitly conceding that she never exhausted her retaliation claim. (Id. at 4.) Accordingly, Plaintiff's objection as to the retaliation claim is **OVERRULED**.

Finally, the Magistrate Judge found that Plaintiff failed to support her exhaustion arguments regarding her hostile work environment claim, but he recommended providing Plaintiff with an opportunity to supplement these allegations. (Doc. 17 at 24.) Since the Magistrate Judge entered his order, Plaintiff has submitted her EEO complaint (Doc. 18 at 6), which sheds some light on the exhaustion process but is not dispositive of the issue. It is unclear at this time whether she intends to further support her argument that she exhausted her hostile work environment claim in any other way, and in any event, the direction to supplement becomes ripe upon the present adoption of the recommendation. Therefore, Plaintiff is **DIRECTED** to supplement her pleadings within 30 days of the entry of this order so that the Court may confirm the exhaustion of her hostile work environment claim. As noted by the Magistrate Judge, Plaintiff is forewarned that submissions relevant to the merits of her claims will not be considered, and her failure to support her exhaustion of administrative remedies may result in dismissal of the hostile work environment claim without consideration of its merits.

Plaintiff may submit affidavits as well as other admissible evidence of her "good faith effort" to assist in the investigation of her claims and to further explain to the Court in what manner the counselor "refused" to acknowledge her additional claims, as she alleged previously. (Doc. 9 at 6.) She is explicitly instructed to provide any documents which she obtained during her efforts to work with the EEO or the ORMDI. To the extent that Plaintiff is not in possession of documentation of her exhaustion, the Court will entertain requests for limited discovery specifically relevant to whether and to what extent Plaintiff exhausted her hostile work environment claim.

## CONCLUSION

For the foregoing reasons, Plaintiff's objection (Doc. 18) is **OVERRULED,** and the Magistrate Judge's report and recommendation (Doc. 17) is **ADOPTED** as the Court's opinion in this case. Defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. (Doc. 7.) Plaintiff's discrimination and retaliation claims are **DISMISSED**. Plaintiff is **DIRECTED** to supplement the record with

evidence of her exhaustion efforts relevant to her hostile work environment claim within 30 days of entry of this order. Failure to supplement the allegations of exhaustion may result in dismissal of Plaintiff's final surviving claim.

SO ORDERED this 31st day of March 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA