# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| REBECCA LYNN GREGG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-114 |
| | ) | |
| DENIS MCDONOUGH, Secretary of Veterans Affairs, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER, REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se*, filed her Complaint alleging employment discrimination and hostile work environment claims against the Hinesville Community Based Outpatient Veterans Affairs clinic ("CBOC"). *See* doc. 1. Defendant filed a Motion to Dismiss, doc. 7, on behalf of the CBOC. The Court recommended that the Motion be granted in part and denied in part and recommended further inquiry into the surviving claim. Doc. 17. The Recommendation was adopted, doc. 19, over Plaintiff's Objection, doc.18. As to the surviving claim, Plaintiff was directed to supplement the record or risk dismissal. Doc. 19 at 7. The

supplements provided have been reviewed by the Court and thus Plaintiff's surviving claim is again ripe for review.[1]

The details of Plaintiff's previously dismissed claims are described in the Court's prior Order and Report and Recommendation. *See* doc. 17 at 2-4. As relevant to the present issue, Plaintiff alleged that a coworker bullied and harassed her beginning in 2020, causing her to suffer a hostile work environment, and when she complained, she was discriminated and retaliated against. An issue arose regarding whether Plaintiff had exhausted her hostile work environment claim because Plaintiff alleged that, "[d]espite [EEO] policy and my request to consider my previous complaints, [the investigator] refused to look at any reported instances of discrimination and harassment and only addressed the incidents I reported on February 5,2021, and March 4, 2021." Doc. 9 at 6. Thus, while her retaliation and discrimination claims were dismissed

---

[1] Though Defendant's response is not styled as a motion to dismiss, it is construed as renewing the relief originally sought in the Motion to Dismiss. *See* doc. 25 at 9 ("Plaintiff's claims . . . should be dismissed for failure to exhaust."). The Clerk is **DIRECTED** to reconstrue Defendant's filing as a Motion to Dismiss. Doc. 25. Plaintiff's filings, docs. 20 & 21, appear to adequately present her position on the exhaustion question. Her deadline to reply to Defendant's response has also passed. *See* S.D. Ga. L. Civ. R. 7.6. Thus, is appears that Plaintiff has had an ample opportunity to be heard on this issue. To the extent that she believes that additional evidence or argument bears on this question, she remains free to submit it in her objection to this Report and Recommendation, as discussed below.

by the District Judge, doc. 19 at 8-9, her hostile work environment claim survived pending Plaintiff's submission of evidence supporting her allegations that she exhausted or attempted to exhaust that claim but was ignored. *See Ramirez v. Sec'y, U.S. Dep't of Transp.*, 686 F.3d 1239, 1243 (11th Cir. 2012) ("Before bringing a Title VII action in court, a federal employee must first seek relief from the agency where the alleged discrimination occurred.").

Plaintiff indeed attempted to supplement the record, submitting two separate filings. Docs. 20 &21. Plaintiff's evidence and exhibits include mostly email exchanges between herself and either VA leadership or direct supervisors, as well as rebuttals thereto. However, Plaintiff provided no evidence that she requested the investigator address any incidents involving a longstanding hostile work environment. *See generally*, docs. 20 & 21. Defendant responded to her supplements, reasserting its entitlement to dismissal of Plaintiff's remaining claim. *See generally* doc. 25. Defendant claimed that the 2020 allegations were rejected because Plaintiff knew of them at the time of her informal counseling but failed to raise them during informal counseling, and moreover, the events "were not 'later incident[s]' that

'add[ed] to or clarify[d] the original claim, and/or could have reasonably been expected to grow out of the investigation of the original claim . . . the 2020 dates/events are now considered abandoned.'" Doc. 25 at 7; *see also* doc. 25-1 at 1.

In support of this argument, Defendant submitted a declaration drafted by Robbie Barham, the Southeast District Manager of the Office of Resolution Management, Diversity & Inclusion ("ORMDI"), as well as EEO Counselor Reports which appear to contain Madeline Stephens' contemporaneous counselor notes regarding Plaintiff's exhaustion efforts. See doc. 25-1 at 1-6. In these notes, Stephens recorded that Plaintiff specifically complained of incidents occurring only on March 4, 2021, and February 5, 2021. *Id.* at 5. After making several attempts to contact Plaintiff, the Counselor conducted an initial interview, where Plaintiff declined mediation. Afterwards, the counselor engaged in the counseling process and interviews, though notes do not indicate that management or anyone accused was ever actually interviewed. *Id.*

In any event, on April 1, 2021, Stephens conducted a final interview with Plaintiff. Doc. 25-1 at 6. She informed Plaintiff that the claim listed on the notes, and presumably identified to Plaintiff, was the only claim

4

addressed during the informal counseling. *Id.* The notes clearly state that "[i]f a formal Complaint of Discrimination is filed, a claim that has not been brought to the attention of an EEO counselor and is not like or related to a claim that has been brought to the attention of an EEO counselor is subject to dismissal in accordance to CFR 1614.107(a)(2)." *Id.* However, the notes do not expressly indicate that the same warning was articulated or shown to Plaintiff at that time. Nevertheless, the letter sent to her on that day describes her complaint and requests that Plaintiff notify Stephens no later than 5 business days whether the information contained within the letter was correct. Doc. 25-1 at 8. The letter states that the hostile work environment claim is based on Plaintiff's status as a PA and not a medical doctor. *Id.* Its recitation of her claim does not describe any longstanding hostile environment allegation, but it identifies the two dates at issue in her discrimination allegations as the range of inquiry. *Id.* Plaintiff never corrected or controverted the letter's recitation of her claims.

Yet, even though Plaintiff did not contradict the phraseology or correct the dates and the basis for her hostile work environment allegations as articulated in the letter, Plaintiff's formal complaint

5

contained additional allegations of incidents of hostile work environment occurring in 2020. *See* doc. 25-1 at 1 (citing doc. 25-1 at 26). Defendant and Barham claim that the formal complaint filed on April 12, 2021, added these claims "for the first time." Doc. 25-1 at 1. Thus, on April 27, 2021, ORMDI issued a notice of partial acceptance of Plaintiff's complaint which informed Plaintiff that, because she failed to present other dates of alleged incidents during the EEO counseling or within the five-day period for corrections, the aspects of her allegations occurring in 2020 were being rejected. Doc. 25-1 at 30. Moreover, the hostile work environment claims which appeared to have been founded on Plaintiff's status as a PA and not a medical doctor were dismissed because her status as a PA is not protected under the statute. *Id.*

Though the Court previously discussed whether Plaintiff had the burden to establish exhaustion (and pondered the adjacent question of whether the issue was jurisdictional in nature), doc. 17 at 6, the matter is resolved because the items submitted by the Defendant constitute uncontroverted evidence indicating Plaintiff's failure to exhaust. *See* doc. 25-1. The information submitted by the Defendant conclusively shows that Plaintiff failed to exhaust any hostile work environment claims from

2020. Her original hostile work environment claim was based on her belief that she was targeted because she is a PA and not a doctor. See doc. 25-1 at 5-6. A complainant may amend their complaint prior to the conclusion of an investigation to include issues or claims "like or related to those raised in the complaint," but Plaintiff did not even attempt to do so even after receiving notice of the claims as understood by Stephens. 29 C.F.R. § 1614.106(d). Even if she had properly sought to amend her allegations, it does not appear that the 2020 incidents involving disagreements with her coworker relevant to nurse staffing would be "like or related to" those raised in the complaint which were based on her beliefs that she was treated differently from the doctors because of her status as a PA.

Conversely, the Court has reviewed the items submitted by the Plaintiff but finds them largely irrelevant to the actual issue at hand. Docs. 20 & 21. She has failed to controvert Defendant's argument by submitting evidence that she corrected the articulation of her claim to include the allegations she seeks to include here. Plaintiff did not submit any evidence to the Court claiming that she attempted to argue to the ORMDI or EEO that her claims were being unreasonably denied, or that

she sought to amend her original allegation once she saw how it would be limited. She again seeks to dispute the merits of her hostile work environment claim and attaches exhibits which she proclaims contain "evidence that demonstrates her efforts to exhaust her efforts to stop the bullying and harassment." Doc. 21 at 2. This phrase makes clear that she has conflated the issue of administrative exhaustion and the merits of her claim.

Plaintiff was previously warned that submissions relevant to the merits of her claims would not be considered. Doc. 19 at 7 ("Plaintiff is forewarned that submissions relevant to the merits of her claims will not be considered, and her failure to support her exhaustion of administrative remedies may result in dismissal of the hostile work environment claim without consideration of its merits."). The Court has no doubt, based upon the record, that Plaintiff complained to her superiors about what she perceived as bullying. Her exhibits highlight inconsistencies in emailed statements made by doctors regarding their familiarity with Plaintiff personally, doc. 21-1 at 10, her disappointment at the fact-finding investigation, her own failure to document "bullying emails," *id.* at 13, and her complaints to *doctors* about her disagreement

8

with the nursing schedule policy and their responses to her clearly stating the need for nurse assignment, *see e.g.*, *id.* at 31. However, they do not support her efforts to communicate her claim with Stephens or any other EEO or ORMDI affiliate. *See* 29 C.F.R. § 1614.105(a). She simply does not provide evidence that she exhausted her hostile work environment claim. "This requirement is not a technicality; '[r]ather, it is part and parcel of the congressional design to vest in the federal agencies and officials engaged in hiring and promoting personnel primary responsibility for maintaining nondiscrimination in employment.'" *Grier v. Secretary of Army,* 799 F.2d 721, 724 (11th Cir. 1986) (quoting *Kizas v. Webster*, 707 F.2d 524, 544 (D.C. Cir. 1983)).

Accordingly, whether this finding prevents the court from hearing her claim on jurisdictional 12(b)(1) grounds or constitutes a condition precedent to suit which she failed to satisfy, doc. 17 at 6, Plaintiff's claims fail. *See* doc. 7 at 1. Defendant's Motion should, therefore, be **GRANTED**. Doc. 25. Plaintiff's failure to abide by the procedural requirements of regulations pertaining to exhaustion are fatal to her claim. Plaintiff's case should be **DISMISSED**.

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED and RECOMMENDED,** this 12th day of June, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA