IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| REBECCA LYNN GREGG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,<br><br>　　　　Defendant. | CIVIL ACTION NO.: 4:22-cv-114 |

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's June 12, 2023, Report and Recommendation, (doc. 26), to which plaintiff has filed an Objection, (doc. 27). The Court **ADOPTS** the Report and Recommendation as its opinion, as supplemented below. See 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

Gregg, appearing *pro se*, filed her Complaint alleging employment discrimination, retaliation, and hostile work environment claims against the Hinesville Community Based Outpatient Veterans Affairs Clinic ("CBOC"). (See doc. 1.) Defendant's Motion to Dismiss those claims, (doc. 7), was granted in part and denied in part, (doc. 19). Gregg's retaliation claim was dismissed for failure to exhaust, and although the Court determined that she had exhausted at least some of her discrimination allegations, they were dismissed for failure to state a claim. (Doc. 19.) Unable to confirm jurisdiction to review her hostile work environment claim on the merits, the Court ordered Gregg to supplement the record with evidence of exhaustion. (Id.) In response, Gregg provided email exchanges between herself and either VA leadership or direct

supervisors, as well as her own rebuttals thereto.  (See generally, docs. 20 & 21.)   Her exhibits indicated inconsistencies in emailed statements made by doctors regarding their familiarity with Plaintiff personally, (doc. 21-1, p. 10), her disappointment at the internal fact-finding investigation, her own failure to document "bullying emails," (id., p. 13), and her complaints to doctors about her disagreement with the nursing schedule policy and their responses to her clearly stating the need for nurse assignment, (see e.g., id., p. 31).   The Magistrate Judge reviewed the evidence and recommended that the Court find that although Gregg provided ample evidence that she communicated with her supervisors, she failed to provide evidence that she exhausted her hostile work environment claim via the required administrative process.  (See doc. 26, p. 9 (citing 29 C.F.R. § 1614.105(a).)   Accordingly, the Magistrate Judge construed Defendant's filings arguing Gregg did not exhaust, (doc. 25), as renewing the relief originally sought in the Motion to Dismiss and recommended that Gregg's remaining claim of hostile work environment be dismissed for her failure to exhaust.   (See doc. 26, pp. 2, 9.)

Gregg's Objection protests that she sought to exhaust her claims but was unable to do so because Defendant failed to process her claim in accordance with EEO procedures, which resulted in Plaintiff "not being informed of her rights and how the EEO process works."  (Doc. 27, p. 2.) She claims she did not receive "proper" EEO counseling from Ebony Davila, her EEO counselor, as Davila recommended dispute resolution instead of Plaintiff's preferred path.  (See id., pp. 2-3.)   She claims that she did report that she had experienced "ongoing discrimination" since 2020 and that she presented recommendations to remedy the issue "to VA leadership."  (Id., p. 2.) Plaintiff also complains that she was never interviewed by an EEO investigator, Denise DeGennaro, but she attached exhibits indicating that she did send a rebuttal response to DeGennaro.  (Id., p. 4; see also doc. 21, p. 1 (citing doc. 21-1, p. 10).)   However, Plaintiff's

2

frustrations with the EEO process do not excuse her failure to exhaust. Moreover, argument that she exhausted her allegations of *discrimination* are not effective, given the Court's prior finding that she indeed exhausted that claim but that it failed on the merits. (Doc. 19, p. 6.) Plaintiff appears to have conflated her efforts to exhaust her discrimination claim with the separate hostile work environment claim, the latter which appears to be unexhausted. And, as found by the Magistrate Judge, (see doc. 26, pp. 8-9), she appears to have confused her efforts to reveal her plight to her supervisors with administrative exhaustion, a separate process which is required by law. Ramirez v. Sec'y, U.S. Dep't of Transp., 686 F.3d 1239, 1243–44 (11th Cir. 2012); Crawford v. Babbitt, 186 F.3d 1322, 1326-27 (11th Cir. 1999); Grier v. Secretary of Army, 799 F.2d 721, 724 (11th Cir. 1986); see also 29 C.F.R. § 1614.101, et seq.

The information submitted by the Defendant conclusively shows that Plaintiff failed to exhaust her hostile work environment claims from 2020 as they are alleged currently. Defendant submitted a declaration drafted by Robbie Barham, the Southeast District Manager of the Office of Resolution Management, Diversity & Inclusion ("ORMDI"), as well as EEO Counselor Reports which appear to contain Madeline Stephens' contemporaneous counselor notes regarding Plaintiff's exhaustion efforts. (See doc. 25-1, pp. 1-6.) The documents submitted indicate that Gregg's original hostile work environment claim was based on her belief that she was targeted because she is a PA and not a doctor, and it again lists specific dates of March 4, 2021, and February 5, 2021. (See doc. 25-1, pp. 5-6.) The documents also indicate that Plaintiff had an opportunity to notify Stephens if her draft complaint was incorrect before a formal complaint was finalized, but that Gregg did not do so until she filed her formal complaint, at which time she attempted to include other incidents of alleged hostile work environment occurring in 2020. (Doc. 25-1, pp. 8, 26.) Because this violated EEO procedure, her late-added allegations were not

accepted. (Doc. 25-1, p. 30.) Her present allegation that she was bullied based on her race, color, and gender cannot be bootstrapped into the original complaint relevant to being treated poorly as a PA because she did not timely make these allegations during the EEO phase or seek to advise Stephens that the documentation was inadequate before the complaint was finalized.

Plaintiff's failure to abide by the procedural requirements of regulations pertaining to exhaustion are fatal to her claim. A complainant may amend their EEO complaint prior to the conclusion of an investigation to include issues or claims "like or related to those raised in the complaint," but Plaintiff did not even attempt to do so even after receiving notice of the claims as understood by Stephens. 29 C.F.R. § 1614.106(d). Even if she had properly and timely sought to amend her allegations, it does not immediately appear that the 2020 incidents involving disagreements with her coworker relevant to nurse staffing would be "like or related to" those raised in the complaint which were based on her beliefs that she was treated differently from the doctors because of her status as a PA. Accordingly, Plaintiff's Objection, (doc. 27), is **OVERRULED** and the Report and Recommendation, (doc. 26), is **ADOPTED**. Defendant's renewed Motion is **GRANTED**. (Doc. 25.) Plaintiff's case is **DISMISSED**, and the Court **DIRECTS** the Clerk of Court to **CLOSE** this case.

**SO ORDERED**, this 12th day of January, 2024.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA